UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael John Bui,                                             Civil No. 15-2001 (JRT/FLN)

           Plaintiffs,

v.                                                            **REPORT AND**
                                                          **RECOMMENDATION**
U.S. Attorney's Office,

           Defendants.

---

Michael John Bui, *pro se*, for Plaintiffs.
Bahram Samie for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 14, 2015 on Defendant U.S. Attorney's Office's (USAO) motion to dismiss (ECF No. 4).[1] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendant's motion be **GRANTED** and this case **DISMISSED WITH PREJUDICE**.

## I. FINDINGS OF FACT

Michael John Bui petitions this Court to order, by writ of mandamus, the USAO to investigate into allegations set forth in his Complaint.[2] Plaintiff states:

> i would like THE UNITED STATES AND ATTORNEY UNITED STATES find out

---

[1] Plaintiff did not file an opposition memorandum but was present at the hearing on August 16, 2015, where he voiced his objections. Minutes, ECF No. 10.

[2] The Court liberally construes Plaintiff's Complaint as an action seeking relief under the Mandamus Act, 28 U.S.C. § 1361.

> who did make my house look like a prison, who are the people read my mind, who are the people talk to me, who are the people swear me, who are the people power jack the hold body of me shake up for making fun of me [sic].

Compl. ¶ 1, ECF No. 1-1. The USAO now moves to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Mem. in Supp. of Mot. to Dismiss 3, 5–6, ECF No. 6.

## II. CONCLUSIONS OF LAW

### A.  Lack of Subject Matter Jurisdiction

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Taylor v. Rice*, No. 10-4746, 2012 WL 246014, at *3 (D. Minn. Jan. 6, 2012) (quoting *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir.1991)). A court's lack of subject matter jurisdiction may be raised at any time by a party to an action, or by the court *sua sponte*. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The USAO contends that Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction because his claim is barred by the doctrine of sovereign immunity. ECF No. 6, 3; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (the United States and its agents and employees "may not be sued without its consent . . . the existence of which is a prerequisite for jurisdiction."). The United States retains sovereign immunity from lawsuits unless the government has unequivocally consented to suit. *See United States v. Mitchell*, 463 U.S. at 212; *see also McNabb v. Riley*, 29 F.3d 1303, 1306 (8th Cir.1994) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Under the Mandamus Act, an officer or employee of the United States or any agency may be compelled by this Court to perform a duty owed to Plaintiff. 28 U.S.C. § 1361. A writ of mandamus, however, will be issued only in extraordinary situations. *See Allied Chemical Corp. v.*

*Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *In Re Alleghany Corp.*, 634 F.2d 1148, 1150 (8th Cir. 1980). The petitioner has the burden of demonstrating that his right to issuance of the writ is "clear and indisputable." *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976) (quoting *Banker's Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). The Mandamus Act does not waive sovereign immunity unless Plaintiff shows (1) a clear and indisputable right to the relief requested, (2) defendant has a duty to perform the act in question, and (3) there is no adequate alternative remedy available. *Essex v. Vinal*, 499 F.2d 226, 231–32 (8th Cir. 1974); *see also Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir. 1985).

As stated above, Plaintiff seeks an order requiring the USAO to investigate why his house looks like a prison and who the people are who are harassing him. An investigative agency's decision to initiate an investigation or prosecution, however, is entirely discretionary. *Mashak v. Minnesota*, No. 11-473, 2012 WL 928225 *25 (D. Minn. Jan. 25, 2012). Additionally, Plaintiff has not indicated whether he has called his local police department to investigate his concerns. Therefore, the Court concludes that Plaintiff cannot show that he has a clear and indisputable right or that the USAO has a duty to perform an investigation. The USAO is therefore immune from suit under the doctrine of sovereign immunity.

**B.     Failure to State a Claim**

Even if the Court had jurisdiction to issue a writ of mandamus in this case, Plaintiff has not alleged facts sufficient to state a claim for relief as a matter of law. In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless,

dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Although a pro se litigant is held to "less stringent standards than formal pleadings drafted by lawyers," the litigant is not excused from the requirement that a complaint give the defendant fair notice of the claim and the factual allegations on which it rests. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Assuming all facts alleged by the Plaintiff to be true, Plaintiff's Complaint does not give rise to a claim for relief that is "plausible on its face," or indicate any misconduct for which the USAO would be liable. An agency's investigative policies and decisions are discretionary. *Mashak v. Minnesota*, No. 11-473, 2012 WL 928225 *25 (D. Minn. Jan. 25, 2012). The Complaint, therefore, fails to allege facts sufficient to state a claim as a matter of law and therefore must be dismissed.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (ECF No. 4) should be **GRANTED** and this case **DISMISSED WITH PREJUDICE**.

DATED: October 9, 2015                              *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 26, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 26, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.